UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-44-RJC-DSC

| | | |
|---|---|---|
| JASCO PRODUCTS COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| PRIME WIRE & CABLE, INC., and | ) | |
| YFC-BONEAGLE ELECTRIC CO., | ) | |
| LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint, (Doc. No. 27); Cantigny Lighting Controls, LLC's ("Cantigny") Motion to Intervene, (Doc. No. 25); Defendant Prime Wire & Cable, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction, (Doc. No. 12); Defendant YFC-BonEagle Electric Co., Ltd.'s Motion to Dismiss for Insufficient Service of Process and for Lack of Personal Jurisdiction, (Doc. No. 17); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 24), recommending that Defendant Prime Wire's Motion to Dismiss for Lack of Subject Matter Jurisdiction be granted and Defendant YFC-BonEagle's Motion to Dismiss be denied as moot.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a

1

matter of course," if done within twenty-one (21) days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further provides that leave to amend shall be freely given "when justice so requires." Id.

> Rule 24 of the Federal Rules of Civil Procedure governs intervention:
>
> (a) INTERVENTION OF RIGHT. Upon timely motion, the court must permit anyone to intervene who:
>   . . .
>   (2) claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Cantigny is the owner of the patent-in-suit, U.S. Patent No. 9,320,122 ("the '122 patent"). As such, it claims an interest relating to the property that is the subject of the action—the '122 patent—and is so situated that disposing of the action may, as a practical matter, impair or impede Cantigny's ability to protect its interest, unless Jasco Products Company, the existing Plaintiff, adequately represents that interest.

For the reasons stated in the briefs of Plaintiff and Cantigny, and finding that justice so requires, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint and Cantigny's Motion to Intervene.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Leave to File Second Amended Complaint, (Doc. No. 27), is **GRANTED**. Plaintiff shall file its Second Amended Complaint within five days of this Order.

2. Cantigny's Motion to Intervene, (Doc. No. 25), is **GRANTED**.

3. Defendant Prime Wire's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (Doc. No. 12), and Defendant YFC-BonEagle's Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction, (Doc. No. 17), are **DENIED** as moot.

4. The Magistrate Judge's M&R, (Doc. No. 24), is **TERMINATED** as moot.

5. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel.

Signed: October 29, 2018

Robert J. Conrad, Jr.
United States District Judge